F. H. RICHARDSON, Appellee, v. J. D. SKETCHLEY, Appellant.

**Conveyances:** DESCRIPTION: EXTRINSIC EVIDENCE. The description in a deed, defective because failing to state the township and range in which the tract is located, may be aided by extrinsic evidence not inconsistent with the description in the deed itself.

**Quieting title:** ADVERSE POSSESSION: OUSTER: EVIDENCE. Where one who was already in the adverse possession of land, though under a defective deed, agreed with an adjoining owner for occupancy of his land in connection with such tract in consideration of the occupancy by the adjoining owner of other land, possession of the tract originally held by such person was not acquired by virtue of the agreement, and the agreement was not an ouster of such previous possession.

In this action the evidence is held to show that the plaintiff's ancestors and heirs had been in adverse possession of the tract in question for a long series of years under color of title and in a good faith claim of right.

*Appeal from Hamilton District Court.*—HON. CHAS. E. ALBROOK, Judge.

SATURDAY, MARCH 11, 1911.

THIS is an action to quiet title to a small tract of land. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*G. D. Thompson,* for appellant.

*W. J. Covil,* for appellee.

EVANS, J.—Prior to June 29, 1859, Peter Lyon was concededly the owner of the tract of land in dispute. On that date he conveyed to Mary Richardson by warranty deed a tract of land containing one and three-fourths acres more or less and described .as follows: "Commencing on section line between section five and six fourteen rods south of the north line of said section; thence south twenty-six rods; thence west twenty-one and fifty-two hundredths rods; thence northeasterly to place of beginning, and containing one and three-quarters acres more or less." This deed was 'duly recorded. This description is defective, in that it does not state the township and range wherein the purported tract was located. The location of the tract as claimed by the plaintiff is indicated approximately by the following diagram of the N. E. ¼ of section 6 and the N. W. ¼ of section 5 in township 88, range 25, Hamilton County:

The tract in dispute is indicated by the triangle marked "a."

It is urged by appellant that the deed under which plaintiff claims is absolutely void for uncertainty, and that plaintiff and his grantors took nothing under it. This position is not quite sound. The deed standing alone would be quite ineffective for the purpose of specific performance; but it is by no means wholly void. It indicates on its face that Peter Lyon did undertake for a specific consideration to convey by warranty deed to Mrs. Richardson a particular tract of land conforming to the description contained in the deed. The description may be aided by extrinsic proof not inconsistent with the description contained in the deed itself.

I. CONVEYANCES: description: extrinsic evidence.

The evidence shows that, at the time in question, Peter Lyon owned the north twenty acres of the N. E. ¼ of the N. E. ¼ of section 6, and that Mrs. Richardson owned the south twenty acres thereof, and also the N. W. ¼ of the N. W. ¼ of section 5 and other contiguous lands. Immediately after the execution of the deed in question, Mrs. Richardson took possession of the triangular tract and inclosed it with her own land by running a fence along the line of the hypotenuse of the triangle. The tract was covered with timber, and in the course of time she appropriated the timber thereon. She remained in the actual possession of the same down to the time of her death, which occurred in 1906. Since the date of her death it has been in the actual possession of the plaintiff as one of her heirs and as grantee of the other heirs. These facts on their face would tend to identify the tract intended to be conveyed by the warranty deed above referred to and would indicate that the plaintiff and his grantors and ancestors had held adverse possession under color of title for more than fifty years. There are some other facts, how-

2. QUIETING TITLE: adverse possession: ouster: evidence.

ever, which appear in the record, and which tend to some confusion as to the nature of the possession of Mrs. Richardson, and these are relied on by the defendant. The defendant claims title also under Peter Lyon through conveyance to Jacob Payne. In 1859 Peter Lyon conveyed five acres of his twenty-acre tract to the Dubuque & Sioux City Railroad Company, on condition that a depot be located at a certain place. In 1868 he conveyed to Jacob Payne by warranty deed the remaining thirteen and one-fourth acres out of such twenty-acre tract subject to the right of way. The railroad company never performed the condition contained in the deed of the conveyance of the five acres. The five-acre tract was subsequently sold for taxes and a tax deed thereof issued to one Funk in 1869. In 1870 Funk quitclaimed the tract to Peter Lyon, and Lyon quitclaimed to Payne all his interest in the twenty-acre tract before referred to. The defendant has succeeded to the title of Payne, and his present claim is based upon this quitclaim deed of Lyon executed in 1870. The evidence fairly shows that Mrs. Richardson was in possession of the triangular tract at that time. The railroad as first laid and built passed through this tract. Mrs. Richardson conveyed the right of way to the railroad company, but reserved the timber and afterwards removed the same. Later the line of the railroad was shifted further to the north, so that it ran parallel with and a little south of the north line of sections 5 and 6, leaving a strip of ground between the right of way and the north line of such sections. Mr. Payne owned land lying to the north of section 5. In 1878 an arrangement was entered into between Mrs. Richardson and Mr. Payne, whereby Payne occupied as a pasture that part of Mrs. Richardson's land in section 5 north of the railroad, and whereby Mrs. Richardson in exchange therefor occupied that part of Payne's land lying south of the railroad and contained in the said north twenty acres of the N. E. ¼ of the N. E. ¼ of section 6. This

mutual exchange of possession has continued down to the present time. This arrangement resulted in taking down the fence before referred to as on the hypotenuse of the triangle, so that the triangular piece and Payne's land were thrown into one tract and used as a pasture by Mrs. Richardson.

Upon this state of facts, the defendant contends that the possession of Mrs. Richardson was not adverse. This depends, of course, upon the question whether she was already in the adverse possession of the tract at the time the arrangement with Payne was entered into. If so, she did not acquire her possession thereof by virtue of the arrangement with Payne. We think her possession of the tract at the time is fairly established by the testimony. If she was in possession, then her arrangement with Payne was no ouster of such possession. Her continued possession, which she concededly maintained since that time, would therefore inure to the support of her title. About 1890 Payne died. We infer that Mrs. Sketchley was one of his heirs. She and her husband, the defendant herein, purchased the interest of the other heirs. Some conveyed by quitclaim and others by warranty. Later Mrs. Sketchley died, and the defendant was her devisee. He claims to have bought from the Payne heirs in good faith and without notice. After he and his wife acquired the interest of the Payne heirs, they and Mrs. Richardson by oral agreement continued the former arrangement. There does not appear, however, to have been any attempt at locating or identifying boundaries. The first conveyance obtained by the Sketchleys of the interest of any of the Payne heirs was that of Joseph Payne. This was a quitclaim deed and described the land as an "undivided one-eighth of eighteen and one-fourth acres in the north twenty acres of the northeast quarter of the northeast quarter," etc. As already indicated, Mrs. Richardson was in actual possession at that time, and such possession charged the defendants

with notice of such rights as she had. The foregoing are the salient facts in the record. The record is quite confused in form, and we have had much difficulty in getting a clear understanding of it. We are of opinion, however, that the evidence is sufficient to identify the triangular tract indicated in the plat as the particular one intended to be conveyed by Peter Lyon to Mary Richardson, and that Mary Richardson and her heirs have had possession thereof for more than fifty years under color of title and claim of right in good faith, and that they are entitled to the decree rendered in their favor by the trial court. Such decree is therefore *affirmed*.